IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRADLEY FREEMAN,**

    **Petitioner,**

    v.                                                                                          Civ. No. 20-910 JB/SCY

**ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,** *et al.***,**

    **Respondents.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This Proposed Findings and Recommended Disposition addresses Petitioner Bradley Freeman's habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Doc. 1. The Honorable James O. Browning referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 2. Freeman brings one ground for relief: that his guilty plea was not knowing, intelligent, and voluntary because the State withheld material, exculpatory evidence during plea negotiations. Doc. 1 at 5. However, he is currently challenging nearly this same issue before the United States Supreme Court, on appeal from the New Mexico Supreme Court's denial of his petition for certiorari seeking state habeas relief. Because nearly the same issue that is pending before this Court is also pending before the United States Supreme Court, I recommend staying the present § 2254 petition until the Supreme Court resolves the appeal or denies the petition for certiorari.

## BACKGROUND

On May 8, 2017, Freeman was charged with one count of distribution of a controlled substance for selling ten pills of Alprazolam, a prescription drug, to Joshua Marchand, an

1

undercover law enforcement officer. Doc. 6-1 at 90-91[1] (Ex. S, Defendant's statement of facts in response to summary dismissal to the New Mexico Court of Appeals). On January 26, 2018, Freeman pleaded guilty in the state trial court to the one count of distribution of a controlled substance. Doc. 6-1 at 1 (Ex. A). The state trial court entered a conditional discharge and placed Freeman on probation for three years, minus 95 days. Doc. 6-1 at 7 (Ex. B). The trial court revoked his probation on October 12, 2018 after he pleaded no contest to violating the terms of his probation. Doc. 6-1 at 17-21 (Exs. D, E). The court revoked his conditional discharge and sentenced him to three years' incarceration. Doc. 6-1 at 17-21 (Exs. D, E).

Thereafter, Freeman filed a motion to withdraw his guilty plea to the distribution charge. Doc. 6-1 at 22-23 (Ex. F). In his motion, Freeman noted that "[n]ew information regarding the State's primary witness, Joshua Marchand was disclosed by the State on August 13, 2018 in the form of a Nolle filed in numerous cases with other Defendant[s] who has not plead or gone to trial." Doc. 6-1 at 22 ¶ 3 (Ex. F). He elaborated that "[t]he Nolle included detailed information regarding Marchand's methods including his use of drugs with people who were then indicted on drug charges as well as concerns from law enforcement officers regarding his handling of evidence and other such issues." Doc. 6-1 at 22 ¶ 4 (Ex. F). The state trial court held a hearing on March 8, 2019, during which Freeman's counsel raised many concerns. Among these concerns, Freeman argued that, in light of new evidence, his plea was not knowing or intelligently made and he should be able to present an entrapment defense. Doc. 7-3 at 5-6, 8, 10. The court orally denied the motion, finding that Freeman's plea was knowing and voluntary because Freeman knew about his entrapment defense at the time he entered his plea and still chose to enter the

---

[1] The Court cites to the Bates numbers on the exhibits, attached as Doc. 6-1.

plea. Doc. 7-3 at 19-21; *see also* Doc. 6-1 at 79-80 (Ex. Q, Order Denying Defendant's Motion to Withdraw Plea).

Following the March 8 hearing, Freeman appealed to the New Mexico Court of Appeals. Doc. 6-1 at 26 (Ex. I). In his amended docketing statement,[2] Freeman presented one issue: "Whether the district court erred in denying Mr. Freeman to withdraw his guilty plea." Doc. 6-1 at 73 (Ex. O). The Court of Appeals proposed dismissing the appeal for lack of jurisdiction because the state trial court had not yet entered a written order on the motion to withdraw plea. Doc. 6-1 at 76-78 (Ex. P). Thereafter, the state trial court entered a written order denying Freeman's motion to withdraw plea, Doc. 6-1 at 79-80 (Ex. Q), and Freeman filed a Memorandum in Opposition to Proposed Summary Dismissal with the Court of Appeals, Doc. 6-1 at 89-120 (Ex. S). In his memorandum in opposition, Freeman requested that the Court of Appeals either (1) reverse the trial court and find his guilty plea was not knowing and voluntary, or (2) treat the appeal as an appeal from the denial of a writ of habeas corpus, treat the memorandum in opposition as a petition for certiorari, and transfer the case to the New Mexico Supreme Court. Doc. 6-1 at 89-120 (Ex. S). The Court of Appeals accepted the latter route, viewing the motion to withdraw plea as a habeas petition and transferring the case to the New Mexico Supreme Court. Doc. 6-1 at 127-130 (Ex. V).

The New Mexico Supreme Court accepted the transfer, treated Freeman's memorandum in opposition as a petition for a writ of certiorari, and ordered a response. Doc. 6-1 at 131-32 (Ex. W). After receiving a response from the State, Doc. 6-1 at 133-43 (Ex. X), the New Mexico

---

[2] Freeman filed his original docketing statement on April 16, 2019. Doc. 6-1 at 50-57 (Ex. K). The Court of Appeals found the statement did not adequately comply with the Rules of Appellate Procedure and ordered an amended docketing statement. Doc. 6-1 at 63-64 (Ex. N).

Supreme Court denied Freeman's petition for writ of certiorari on May 13, 2020, Doc. 6-1 at 144 (Ex. Y). It likewise denied Freeman's motion for rehearing. Doc 6-1 at 161 (Ex. BB).

On September 4, 2020, Freeman, proceeding pro se, filed the present Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. 1. He brings one ground for relief: "My plea was not knowing, intelligent, and voluntary because the State withheld material, exculpatory evidence during plea negotiations." Doc. 1 at 5. After reviewing the petition according to Habeas Corpus Rule 4, the Court determined that the claim must be resolved on a full record and ordered the Attorney General of the State of New Mexico to answer. Doc. 4. Accordingly, the State filed its answer on November 23, 2020. Doc. 6.

Meanwhile, on October 19, 2020, Freeman, proceeding through counsel, filed a Petition for Writ of Certiorari with the United States Supreme Court, seeking to appeal the decision of the New Mexico Supreme Court. Doc. 6-1 at 162-87 (Ex. CC). That petition presents one question: "Does the Constitution require, before entering into a binding plea agreement with a criminal defendant, material evidence of an affirmative defense which the prosecution bears the burden of disproving beyond a reasonable doubt and which can be raised pre-trial as a matter of law?" Doc. 6-1 at 164 (Ex. CC). As of the date of the filing of this Proposed Findings and Recommended Disposition, the petition is still pending before the United States Supreme Court.

## ANALYSIS

The State asserts that this Court should dismiss the present § 2254 petition without prejudice because Freeman is "currently in the process of actively exhausting state-court remedies." Doc. 6 at 1. Under 28 U.S.C. § 2254(b)(1)(A), a petition for writ of habeas corpus cannot be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State." "The exhaustion requirement is satisfied if the federal issue has been

properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Indeed, "state prisoners need not petition for certiorari to exhaust state remedies." *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Said another way, exhaustion requires that a claim be pursued "through one complete round of the State's established appellate review process, giving the state courts a full and fair opportunity to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citation and quotations omitted).

In this case, Freeman has presented his claim to the state's highest court as required. However, because Freeman has also chosen to pursue an appeal of the state-court decision to the United States Supreme Court, the State argues that he has not fully exhausted his state-court remedies. The State's argument appears to be based on an incorrect conclusion that Freeman is pursuing a direct appeal to the United States Supreme Court. *See* Doc 6 at 6 (arguing that Freeman "is in the process of exhausting remedies as to the one ground raised here because he asked the United States Supreme Court to exercise discretionary review, the final step in his quest *for direct review* of his state criminal conviction" (emphasis added)). Freeman's October 19, 2020 petition for writ of certiorari with the United States Supreme Court, however, is not a direct appeal – it seeks review of the New Mexico Supreme Court's denial of his application for State habeas relief. *See* Doc. 6-1 at 129 (Ex. V) & Doc. 6-1 at 131 (Ex. W) (order from New Mexico Court of Appeals regarded Freeman's initial motion to withdraw plea as a habeas petition and transferring his appeal to the state supreme court as a petition for certiorari to review a denied habeas petition, which the state supreme court accepted).

Under United States Supreme Court precedent, significant differences in procedure

5

governing federal habeas petitions can turn on whether a United States Supreme Court petition for certiorari arises from a direct appeal or an appeal from a state habeas decision (a collateral attack). *See Lawrence*, 549 U.S. at 327 (reviewing the statute of limitations for a § 2254 petition while a certiorari petition seeking review of an application for state post-conviction relief is pending before the United States Supreme Court, as compared to a certiorari petition seeking review of a state direct appeal). Consider the tolling provisions related to § 2254's statute of limitations that the United States Supreme Court addressed in *Lawrence*. Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to a state judgment has one year to file an application for writ of habeas corpus. The one-year time limitation to file a § 2254 petition does not begin to run until judgment is final after direct review, or after the expiration of time for seeking such direct review (or according to other deadlines inapplicable to this case). 28 U.S.C. § 2244(d)(1)(A). Direct review includes "the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition . . . "; therefore, "a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until – following a decision by the state court of last resort – after the United States Supreme Court has denied review, or if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Locke v. Saffle*, 237 F.3d 1269, 1272-73 (10th Cir. 2001).

Similarly, the one-year limitation period to file a § 2254 petition is tolled during the time in which an application for state post-conviction or other collateral review is pending any state court decision. 28 U.S.C. § 2244(d)(2). But, unlike with a direct appeal, the time during which a petitioner appeals his state application for post-conviction relief to the United States Supreme Court is not tolled: "After the denial of state post-conviction relief, however, § 2244(d)(2) does

not toll § 2244(d)(1)'s limitation period during the pendency of a petition for certiorari to the United States Supreme Court, or during the period of time in which a petitioner can file a petition for a writ of certiorari." *Jones v. Patton*, 619 F. App'x 676, 678 (10th Cir. 2015) (citing *Lawrence*, 549 U.S. at 332-37).

That the United States Supreme Court treats tolling differently depending on whether a petition for certiorari pending before it arises from a direct appeal or state collateral attack indicates that the Supreme Court might also treat exhaustion differently depending on whether the petition for certiorari before it arises from a direct appeal or from a state collateral attack. Thus, it is not at all obvious whether the State is correct that a petitioner who is appealing a state-court application for post-conviction relief to the United States Supreme Court has failed to exhaust his state court remedies.

A colorable argument could be made either way. A state arguing for exhaustion has an argument that a petitioner's state habeas petition on appeal to the United States Supreme Court remains pending and is therefore unexhausted. Even though a petitioner need not seek United States Supreme Court review as a prerequisite to exhaustion, a state might argue that, by choosing to seek further review, a petitioner has chosen to keep his state claim alive and unexhausted.

On the other hand, a petitioner might point to *Lawrence* and argue that, if the time for him to bring a federal habeas claim is not tolled upon filing a state habeas certiorari petition with the United States Supreme Court, the pendency of his state habeas claim should not prevent him from filing a federal habeas claim. A different result, the petitioner might argue, would force him into a Hobson's choice. He could seek certiorari review before the United States Supreme Court on his state habeas claim and possibly lose his federal habeas claim to a time bar or, to preserve

his ability to file a timely federal habeas claim, he could be forced to forego a possibly meritorious appeal of his state habeas claim. In other words, accepting the state's failure to exhaust argument could force a petitioner to choose between prematurely abandoning his state habeas claim or foregoing his federal habeas claim. In addition to pointing out this inequitable result, a petitioner could also point out that the United States Supreme Court has recognized that a petitioner need not seek United States Supreme Court review to exhaust his state habeas claims. *See Lawrence*, 549 U.S. at 333 ("When the state courts have issued a final judgment on a state [habeas] application, it is no longer pending even if a prisoner has additional time for seeking review of that judgment through a petition for certiorari."). Thus, a petitioner could argue, his claim becomes exhausted when it goes through the last stage of state court review, regardless of whether the petitioner then seeks United States Supreme Court review. *See Selsor*, 644 F.3d at 1026 (exhaustion requires that a claim be pursued "through one complete round of the State's established appellate review process, giving the state courts a full and fair opportunity to correct alleged constitutional errors.") (citation and quotations omitted).

Although the existence of these issues provides a reason not to accept the State's failure to exhaust argument without additional briefing, the Court need not resolve these unbriefed issues. The State's arguments are based on the incorrect conclusion that Freeman is pursuing a direct appeal. He indisputably is not. Therefore, I recommend simply rejecting the State's argument regarding exhaustion as inapplicable to the present case.

Further, I recommend against dismissing the present petition pending resolution of the state habeas petition for certiorari that is currently before the United States Supreme Court. As discussed above, had Freeman been pursuing a direct appeal to the United States Supreme Court, his one-year limitation period to file a § 2254 petition would not begin to run until after the

Supreme Court ruled on his claim or denied review. However, because Freeman is pursuing an appeal from state post-conviction relief, his one-year limitation to pursue a § 2254 petition is running and is not tolled during the time in which his petition with the United States Supreme Court is pending. If this Court were to dismiss Freeman's present § 2254 petition without prejudice while the Supreme Court case is pending, the one-year limitation to refile a § 2254 petition would continue to run, possibly depriving Freeman of the opportunity to pursue a § 2254 claim (depending on the length of time the Supreme Court takes to resolve the matter before it). Such action would be contrary to guidance the United States Supreme Court provided in *Lawrence*: "Section 2244(d)(1)'s limitation period and § 2244(d)(2)'s tolling provision, together with § 2254(b)'s exhaustion requirement, encourage litigants . . . to file their federal habeas petitions *as soon as possible*" after exhausting their state remedies. 549 U.S. at 333 (emphasis in original). As such, I do not recommend dismissing the present § 2254 petition while the United States Supreme Court petition is pending.

Nor do I recommend that the United States District Court for the District of New Mexico presently resolve an issue similar to one pending in a certiorari petition before the United States Supreme Court, namely: was Freeman's change of plea knowing, voluntary, and intelligent under the circumstances Freeman alleges? The *Lawrence* case provides guidance to district courts faced with deciding an issue that might also be pending before the United States Supreme Court. In response to the *Lawrence* petitioner's argument that an "awkward situation[]" is created when a petitioner must file a federal habeas application while he has a certiorari petition from state post-conviction proceedings pending before the United States Supreme Court, the Supreme Court noted that federal district courts can "stay the habeas application until the [Supreme] Court resolves the case, or more likely, denies the petition for certiorari." *Id.* at 334.

9

A stay is also consistent with this Court's broad discretion to stay or refuse to stay proceedings incident to its power to manage its docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (holding that the Court has inherent authority to manage its docket "with a view toward the efficient and expedient resolution of cases."); *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) ("We review a district court's decision to grant or deny a motion to stay proceedings for abuse of discretion."). Accordingly, I recommend that this Court defer deciding this issue until the United States Supreme Court has decided whether it would like to decide the issue itself.

## RECOMMENDATION

For these reasons, I recommend rejecting the State's argument that Freeman has not exhausted his state-court remedies and that dismissal of his "Petitioner Under 28 U.S.C. § 2254 Writ of Habeas Corpus by a Person in State Custody" (Doc. 1) without prejudice for failure to exhaust is appropriate. I further recommend staying the case until the United States Supreme Court resolves Freeman's pending case or denies the petition for certiorari. Finally, I recommend that the State file status reports every 6 months as to the status of the Supreme Court case and notify this Court when that case is resolved. Thereafter, the Court will likely need to order supplemental briefing from the State or from both parties on the impact of the Supreme Court's decision or on the merits of the present § 2254 petition.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**